**UNITED STATES of America,**
**Appellee,**

v.

**Santo GUERRERO, Defendant–**
**Appellant.**

**No. 07–1451–cr.**

United States Court of Appeals,
Second Circuit.

May 22, 2008.

Ira D. London, New York, NY, for Appellant.

David B. Massey, Assistant United States Attorney (Jessica A. Masella, Daniel A. Braun, Assistant United States Attorneys, of counsel, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: Hon. JON O. NEWMAN, Hon. WALKER, and Hon. SONIA SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

SWAIN, District Judge.

Defendant-appellant Santo Guerrero appeals from an April 9, 2007 judgment of conviction after a jury trial in the United States District Court for the Southern District of New York (Swain, J.) [1] for conspiracy to distribute and possess with intent to distribute at least 100 grams or more of heroin, in violation of 21 U.S.C. § 846. We presume the parties' familiarity with the underlying facts and procedural history of this case.

■ *Mental competency challenge*

Guerrero challenges the district court's determination that he was mentally competent to stand trial. We uphold a district court's finding that a defendant is competent to stand trial unless that finding is clearly erroneous. *See United States v. Nichols,* 56 F.3d 403, 411 (2d Cir.1995). Where, as here, no objection to the competency determination was made below, we review it for plain error only. Fed. R. Crim P. 52(b).

In this case, the record confirms that the district court took the appropriate steps under *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (per curiam), in assessing Guerrero's competency. *See id.* at 402, 80 S.Ct. 788 ("[T]he test must be whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.") (internal quotation marks omitted). The district court relied upon the medical opinion of government expert, Dr. Barry Rosenfeld, as well as its own observations to find Guerrero was "making considered

1. The Honorable Samuel Conti, United States District Judge for the Northern District of

California, sitting by designation, presided over the three-day trial.

choices, [understood] the nature and consequences of the proceedings and his actions, and [was] able, although apparently not willing, properly, to assist in his defense."

With respect to Guerrero's challenge that the district court failed to give due regard to whether he rationally understood the proceedings against him, the record evinces that during the competency hearings, the court probed this exact question. For example, it asked Dr. Rosenberg the extent to which a delusional disorder would impair an individual's ability to react in a way that is considered rational, and whether there was a rational scenario in which declining a plea bargain if guilty could be perceived as a personally advantageous way to proceed. In light of the evidence that Guerrero was not suffering from mental illness, we conclude that a more exacting inquiry was not necessary under the circumstances. Finally, because Dr. Rosenberg opined Guerrero's decisions were not based on his delusional perception of reality, this case is distinguishable from *Lafferty v. Cook,* 949 F.2d 1546, 1555 (10th Cir.1991) (noting that there was no "material dispute" as to defendant's mental condition, namely that he suffered from paranoid delusions), upon which Guerrero relies.

To the extent Guerrero claims error in the district court's failure to make a specific finding regarding his mental health, this Court has not adopted such a rule and because no objection was made on this basis during the competency hearing, we conclude the error, if any, was not plain. *See* Fed. R. Crim P. 52(b); *United States v. Gore,* 154 F.3d 34, 43 (2d Cir.1998) (stating that the error must be "so egregious and obvious as to make the trial judge and prosecutor derelict in permitting it, despite the defendant's failure to object" (internal quotation marks and citation omitted)).

■ *Evidentiary Challenges*

Guerrero argues that the district court erred by permitting Dagoberto Bueno, a coconspirator turned cooperating witness, to testify regarding (1) conversations between Guerrero and his brother regarding Guerrero's prior heroin transactions; and (2) a statement that Bueno made to the alleged leader of the charged conspiracy, Dayvis Bisono, regarding the quality of Guerrero's heroin. These challenges are without merit.

Reviewing the district court's ruling for abuse of discretion, *see United States v. Taubman,* 297 F.3d 161, 164 (2d Cir.2002) (per curiam), we find no error in its determination that the proffered testimony concerning Guerrero's prior heroin transactions was properly admitted "other act" evidence, *see United States v. Pascarella,* 84 F.3d 61, 69 (2d Cir.1996). Under our "inclusionary" approach to "other crimes, wrongs, or acts" evidence, *see United States v. Harris,* 733 F.2d 994, 1006 (2d Cir.1984), evidence of Guerrero's prior heroin dealing was relevant to his knowledge, opportunity, and intent to distribute a large quantity of heroin as charged in the indictment, *see United States v. Murray,* 618 F.2d 892, 900 (2d Cir.1980). In addition, any risk of unfair prejudice was minimized with a "thorough and carefully worded limiting instruction" both during the trial and in the jury charge at the end of the trial. *United States v. Paulino,* 445 F.3d 211, 223 (2d Cir.2006).[2] To the ex-

---

**2.** Guerrero also claims prejudice on the grounds that he was not provided with sufficient access to his brother or notice of the government's intent to use his brother's state-ments in its case-in-chief. Guerrero, however, had every opportunity to cross-examine Bueno, the relevant witness to his brother's statements, and any error was harmless in

tent there was hearsay, moreover, any error was harmless in light of the overwhelming evidence.

We also conclude that Bueno's testimony on the quality of Guerrero's heroin was properly admitted under Fed.R.Evid. 801(d)(2)(E). *See Bourjaily v. United States,* 483 U.S. 171, 175, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987) (setting forth requirements). The record confirms that Guerrero was the supplier and Bueno the lookout for the charged drug conspiracy. Further, contrary to Guerrero's protestations, the statement was made in furtherance of the conspiracy—it was made as a warning to Bisono that the drugs they purchased from Guerrero and were about to sell to a purported customer were of poor quality and might jeopardize their future relationship. *See United States v. Diaz,* 176 F.3d 52, 85 (2d Cir.1999) (finding statements that "clearly promoted the goals of the ... drug conspiracies" satisfy the "in furtherance" requirement). Accordingly, the district court did not abuse its discretion by admitting the statement.

 *Sentencing Challenge*

Guerrero contends that his sentence is unreasonable because the district court imposed a lesser sentence upon his "more culpable" co-conspirator, Bisono. We find no merit in this claim, which we review for reasonableness. *See United States v. Fernandez,* 443 F.3d 19, 26 (2d Cir.), *cert. denied,* — U.S. —, 127 S.Ct. 192, 166 L.Ed.2d 143 (2006). Bisono and Guerrero are not similarly situated. As the government points out, Bisono pled guilty in advance of trial and received a reduction of his base offense level because of his safety-valve qualification. Under the circumstances, we find no abuse of discretion in the district court's decision to sentence

light of the overwhelming evidence that Guerrero participated in the charged conspir-

Guerrero to a term of 63 months' imprisonment, which was the bottom of the applicable Guidelines range and three months above the statutory minimum. *See Gall v. United States,* — U.S. —, 128 S.Ct. 586, 600, 169 L.Ed.2d 445 (2007).

We have considered Guerrero's remaining arguments and find them to be without merit. For the reasons discussed, the judgment of the district court is AFFIRMED.

acy. *See United States v. Dukagjini,* 326 F.3d 45, 61–62 (2d Cir.2003).